## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**STEVEN CRUMP,**

     **Plaintiff,**

     v.                         **CASE NO.  24-3082-JWL**

**JOHNSON COUNTY BOARD**
**OF COMMISSIONERS, et al.,**

     **Defendants.**

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

Plaintiff Steven Crump is hereby required to show good cause, in writing, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I.  Nature of the Matter before the Court

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983.  Plaintiff is in custody at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC").  The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges in his Complaint that he was forced to fast during Passover even though he is Muslim because he is on a kosher diet.  (Doc. 1, at 2.)  He asserts that the defendants should offer a Halal-approved diet during Passover.  *Id*. at 3.  Plaintiff claims that he suffered humiliation, emotional distress, and physical ailments as a result of the forced fasting.  *Id*. at 3, 4.

Plaintiff names as defendants:  the CEO of the Summit Company, contracted dietary provider at JCADC; Nathanial (lnu), supervisor at JCADC; Summit Dietician; (fnu) Randel, sergeant at JCADC; Calvin Hayden, Sheriff of Johnson County; and the Johnson County Board of Commissioners.  Plaintiff seeks compensatory and punitive damages.  *Id*. at 6.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a

claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

The Court has conducted the required screening and concludes that this matter is subject to dismissal as duplicative.

The Complaint includes claims that Plaintiff has already raised in previous cases pending before this Court.   To the extent that Plaintiff raises duplicative claims, they are subject to dismissal.   The general policy against duplicative cases exists because:

> When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process. *See Werner v. Utah*, 32 F.3d 1446, 1447, 1449 (10th Cir. 1994). "[R]epetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks omitted) (first alteration in original). "The unnecessary burden placed upon the judicial process in adjudicating these frivolous and malicious lawsuits is obvious." *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986). "[T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious . . . . No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam).

*Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013).

Another of Plaintiff's now-pending actions—Case No. 24-3046-JWL—includes claims regarding his treatment as a Muslim at JCADC.   *See Crump v. Johnson Cty. Board of Commissioners*, Case No. 24-3046-JWL, 2024 WL 1834352 (D. Kan. April 26, 2024).   Even more specifically, Plaintiff alleges that he was not given the proper food and was "forced from his religious practice."  (Complaint, Doc. 1, at 2, Case No. 24-3046-JWL.)

As already explained to Plaintiff, he is not permitted to seek relief in different lawsuits against the same defendants based on the same claims.   A *Martinez* report was ordered and received in case number 24-3046-JWL, and all claims of infringement on his religious rights should be brought in case number 24-3046-JWL.

Plaintiff should seek to join claims and parties in case number 24-3046-JWL as required and as allowed by the Federal Rules of Civil Procedure, including Rules 15, 18, and 20.

Rule 20 governs permissive joinder of parties and pertinently provides:

 (2) ***Defendants***.  Persons . . . may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc*., 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit held in *George v. Smith* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

In sum, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

Rule 15 addresses supplemental pleadings and provides that:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

5

Fed. R. Civ. P. 15(d).

## IV.  Motion

Also before the Court is a motion for leave to proceed in forma pauperis (Doc. 4).  Because Plaintiff was already granted leave to proceed without the prepayment of fees (*see* Order, Doc. 3), the motion is denied as moot.

## V.  Response Required

Plaintiff is required to show good cause why Plaintiff's Complaint should not be dismissed as duplicative.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **August 8, 2024,** in which to show good cause, in writing, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 4) is **denied as moot**.

**IT IS SO ORDERED**.

**Dated July 8, 2024, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**